# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10926
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOEL ESPINOZA-SANTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-77-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Noel Espinoza-Santos appeals the 130-month above-guidelines sentence imposed by the district court following his guilty plea conviction for illegal reentry. He challenges the district court's imposition of the two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. Espinoza-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10926

Santos also challenges the substantive reasonableness of his above-guidelines sentence.

Espinoza-Santos argues that the district court erred by imposing the two-level enhancement for obstruction of justice under § 3C1.1. He contends that the discrepancy between his post-arrest statement and the statements he made in his "Truth Affidavit" and at sentencing was the result of a mistake rather than a willful attempt to obstruct justice. Espinoza-Santos also asserts that there is insufficient evidence to support the enhancement.

The "district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings, such as a finding of obstruction of justice, are reviewed for clear error." *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). A factual finding is not clearly erroneous as long as it is "plausible in light of the record as a whole." *Id.* "This is particularly true where a sentencing court's imposition of a § 3C1.1 enhancement is based, at least in part, upon an evaluation of a witness' credibility." *United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999).

In his post-arrest interview with immigration authorities, Espinoza-Santos stated that he illegally reentered the United States in March 2014. However, after learning that his sentence would be increased if it was determined that he reentered in March 2014, Espinoza-Santos filed the Truth Affidavit and testified at sentencing that he reentered in March 2015. In light of the significant deference afforded the district court's credibility determination, it is not implausible that Espinoza-Santos falsely stated in his Truth Affidavit and at sentencing that he reentered in March 2015. *See Juarez-Duarte*, 513 F.3d at 208; *Powers*, 168 F.3d at 753. Therefore, he has not shown that the district court erred by imposing the obstruction of justice enhancement.

No. 15-10926

Espinoza-Santos also argues that his above-guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).  In support, he contends that the district court failed to adequately consider that he had culturally assimilated in the United States and that his "criminal history lay in the distant past."

We review the substantive reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Where, as here, the district court imposes an upward variance from the guidelines range, this court must determine whether the sentence "unreasonably fails to reflect" the § 3553(a) sentencing factors.  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  An above-guidelines sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *Id.*

The record reflects that after considering the presentence report, Espinoza-Santos's sentencing memorandum, the parties' arguments at sentencing, and the applicable guidelines range, the district court concluded that a within-guidelines sentence was insufficient to satisfy the sentencing goals of § 3553(a).  Espinoza-Santos's arguments about his cultural assimilation and criminal history amount to nothing more than a disagreement with the district court's balancing of the § 3553(a) factors, which is insufficient to show the district court abused its discretion.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.